

8937/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SK Shipping (Singapore) PTE Ltd.

                Plaintiff,

- against -

China National Chartering Corporation

                Defendant

____Civ____

**VERIFIED COMPLAINT**

    Plaintiff, by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor, LLP, for its Verified Complaint against the Defendant, alleges upon information and belief as follows:

    1.    This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code section 1333.

    2.    At all material times Plaintiff was and still is an entity duly organized and existing by virtue of the laws of Singapore with a place of business therein.

    3.    At all material times Defendant was and still is an entity duly organized and existing by virtue of the laws of a foreign nation.

    4.    Plaintiff and Defendant entered into a charter party contract dated January 26, 2006 for one time chartered trip of the vessel M/V TAI CHUNG with delivery at Kaohsiung via Ube and Dubai and re-delivery on passing Muscat outbound.

    5.    Under the charter party, Defendant was obligated to pay charter hire to Plaintiff.

    6.    Charter hire in the amount of $26,458.29, although due and owing to Plaintiff, was not paid by Defendant.

7. Pursuant to the charter party, all disputes between Plaintiff and Defendant are governed by English law, shall be referred to arbitration in London, and, for claims below $50,000 (excluding interest and costs), the arbitration is governed by the L.M.A.A. Small Claims Procedures.

8. Plaintiff brought arbitration against Defendant in London pursuant to the charter party to recover the said $26,458.29 in unpaid charter hire.

9. On or about March 9, 2007 the London arbitrator issued an award in favor of Plaintiff and against Defendant in the following amounts:

| | | |
|---|---|---|
| A. | Principal amount: | $ 26,458.29 |
| B. | Interest to date (April 16, 2007) on the principal amount at the rate of 7.5% per annum compounded at three monthly rests from March 20, 2006 | $2,189.50 |
| C. | GBP 330 in Counsel fees incurred by SK Shipping (award allowed for recovery of up to GBP 2000). | $654.35 (converted to U.S. dollars) |
| D. | L.M.A.A. costs of GBP 1600 | $3,172.62 (converted to U.S. dollars) |
| E. | Interest to date (April 16, 2007) on the above GBP 1600 at 7.5% per annum compounded at three monthly rests from date of payment by SK Shipping (January 16, 2007) | $244.72 |
| F. | Allowance for additional interest that will accrue between April 16, 2007 and the date this court enters judgment. | $2,000.00 |
| | Total: | $34,719.46 |

10. This action seeks security in aid of the said London arbitration pursuant to 9 U.S.C §§ 1 and 8 and enforcement of the London arbitration award under 9 U.S.C. § 201-208.

2

11. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

12. Upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court including, but not limited to, assets held in the hands of garnishees American Express Bank, Bank of America, Bank of China, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Credit Suisse First Boston, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Union Bank of Switzerland and/or Wachovia Bank which are believed to be due and owing to the Defendant.

13. Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules attaching, *inter alia,* any assets of Defendant held by any garnishee in the district for the purpose of obtaining personal jurisdiction over the Defendant and to secure its claim.

14. Plaintiff has not previously obtained any security for the claims stated herein.

15. There is no statutory or maritime law bar to the attachments sought herein.

WHEREFORE, Plaintiff prays:

(a) That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged;

(b) That since the Defendant cannot be found within the District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order

directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, American Express Bank, Bank of America, Bank of China, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Credit Suisse First Boston, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, Union Bank of Switzerland and/or Wachovia Bank which are believed to be due and owing to the Defendant, up to the amount of $34,719.46 to secure the Plaintiff's claim, and that all persons claming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

(c) That this Court enter judgment on the said London arbitration award pursuant to 9 U.S.C. § 201 - 2008; and

(d) That the Plaintiff is granted such other further and different relief as this Court may deem just and proper.

Dated: New York, New York
April 16, 2007

Respectfully submitted,
CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Plaintiff

By: _____
Randolph H. Donatelli (RD-5359)
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042

4

## ATTORNEY VERIFICATION

1. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

2. I am attorney for the Plaintiff in this action and I am fully authorized to make this Verification on its behalf.

3. I have read the foregoing Verified Complaint, and the contents thereof are true and accurate to the best of my knowledge upon information and belief.

4. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation, none of whose officers are present in the District.

5. The source of my knowledge is information and records furnished to me by the Plaintiff and its London counsel, all of which I believe to be true and accurate.

I declare under penalty of perjury that the foregoing is true and correct

Dated: New York, New York
April 16, 2007

Randolph H. Donatelli