8937/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SK Shipping (Singapore) PTE Ltd.<br>Plaintiff,<br>- against -<br>China National Chartering Corporation<br>Defendant | 07 Civ. 03059 (HB)<br><br>**MEMORANDUM OF LAW** |

  Plaintiff, SK Shipping (Singapore) Ltd. (hereinafter, "SK Shipping"), by and through its counsel, Cichanowicz, Callan, Keane, Vengrow & Textor LLP, submits this memorandum of law in support of its motion seeking an order pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 et seq. ("The New York Convention"), confirming the final arbitration award rendered in London on March 9, 2007 in favor of SK Shipping and against defendant, China National Chartering Corporation (known as "Sinochart"), directing the entry of judgment thereon against Sinochart, and directing that HSBC Bank, which has restrained $34,719.46 belonging to Sinochart pursuant to process of maritime attachment and garnishment, satisfy any such judgment from the restrained funds. The circumstances of this motion are straightforward and are explained in the accompanying declarations of Philip Burns and the undersigned.

  The underlying claim arose under a maritime contract of charter party between SK Shipping and Sinochart for the vessel M/V TAI CHUNG. The claim was for beach of the charter

party contract for failure of Sinochart to pay for bunkers and certain charter hire due to SK Shipping (Burns Dec., para. 3).

The charter party contract mandated English law and London arbitration (Burns Dec., para. 4). Several arbitration demand notices were sent by email by Mr. Burns and by the London arbitrator to Sinochart but Sinochart did not respond to any of those notices (Burns Dec., para. 6-11). The arbitration procedure agreed to in the charter party allowed for service by email (Burns Dec., para 5). A notice sent to Sinochart by the arbitrator warned that if Sinochart did not make submissions in response to the claim, then an award would be rendered based solely on SK Shipping's submissions. (Burns Dec. para. 10).

No response having been received from Sinochart, this claim then proceeded before the sole arbitrator based on the submissions of SK Shipping (Burns Dec., para. 11). On March 9, 2007, a final arbitration award was issued by the sole arbitrator in favor of SK Shipping and against Sinochart (Burns Dec., para. 11). A copy of the award was forwarded by the arbitrator to Sinochart on March 12, 2007. (Burns Dec. para. 13). As outlined in paragraph 12 of the Burns declaration, the amount of the award is as follows:

| | | |
|---|---|---|
| A. | Principal amount | $26,458.29 |
| B. | Interest to date on the principal amount at the rate of 7.5% per annum compounded "at three monthly rests" (i.e., quarterly) from March 20, 2006. | $2,618.42 |
| C. | GBP 330 in counsel fees (award allowed for recovery of up to GBP 2000). | $654.35 (converted to U.S. dollars) |
| D. | L.M.A.A. costs of GBP 1600. | $3,172.62 (converted to U.S. dollars) |
| E. | Interest to date on the above GBP 1600 at 7.5% per annum compounded "at three monthly rests" (i.e., quarterly) from the date of payment | |

2

by SK Shipping (January 16, 2007).                                              $244.72

                    **TOTAL:**     **$33,148.40**

As established in the declaration of the undersigned, SK Shipping commenced this action on April 16, 2007 to enforce the award and to obtain security (under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims) for any judgment entered on the award (Donatelli Dec., para. 5). On April 20, 2007 an order of attachment and garnishment was issued authorizing process of maritime and garnishment to be served in this district. (Donatelli Dec., para. 6). On or about April 26, 2007, $34,719.46 belonging to Sinochart was restrained by HSBC Bank pursuant to process of maritime attachment and garnishment served on the bank. (Donatelli Dec., para. 7). Sinochart has not challenged this restraint of its funds.

The United States and the United Kingdom are signatories to the New York Convention, the enacting legislation of which is codified at 9 U.S.C. §201 et seq. The New York Convention applies to "arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." 9 U.S.C. §201, Article I, §1.

The arbitral award rendered in this matter was made in London, England. It is, therefore, not a domestic award in the State of New York. Accordingly, the arbitral award is subject to recognition and enforcement under the New York Convention.

The New York Convention requires the party seeking recognition and enforcement of a foreign arbitral award to provide the following:

    (a) The duly authenticated original award or a duly certified copy thereof; and

    (b) The original agreement to arbitrate or a duly certified copy thereof.

9 U.S.C. §201, Article IV, Section 1.

In this matter SK Shipping has provided duly certified copies of the London arbitral award and the charter party contract containing the agreement to arbitrate. These documents are annexed as exhibits H and A, respectively, to the Burns declaration. Upon submission of these documents, the Court must recognize and enforce the London arbitral award. 9 U.S.C. §201, Article III.

Pursuant to the terms of the New York Convention, recognition and enforcement may be refused only if the party against whom recognition and enforcement is invoked furnishes proof pursuant to one of the few exceptions enumerated in Article V of the Convention. 9 U.S.C. §201, Article V. It is respectfully submitted that no such proof exists or will be submitted in this matter.

This motion is timely. 9 U.S.C. §207 provides that:

> [w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal and deferral of recognition or enforcement of the award specified in the said Convention.

As explained in the Burns Declaration, the London award is final and there is no right of appeal under the arbitration procedure agreed to by the parties (Burns Dec., para. 14).

## CONCLUSION

For the foregoing reasons, SK Shipping's motion should be granted in all respects.

Dated: New York, New York
June 27, 2007

                                      Respectfully submitted,
                                      CICHANOWICZ, CALLAN, KEANE,
                                      VENGROW & TEXTOR, LLP
                                      Attorneys for Plaintiff

                                      By:   s/ Randolph H. Donatelli
                                           Randolph H. Donatelli (RD-5359)
                                      61 Broadway, Suite 3000
                                      New York, New York 10006-2802
                                      (212)344-7042

To:    Blank Rome LLP
       Attorneys for Defendant
       The Chrysler Building
       405 Lexington Avenue
       New York, NY 10174-0208
       Attn.: Jack A. Greenbaum, Esq.