8937/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| SK Shipping (Singapore) PTE Ltd. | 07 Civ. 03059 (HB) |
|---|---|
| Plaintiff, | |
| - against - | **DECLARATION OF PHILIP BURNS** |
| China National Chartering Corporation | |
| Defendant | |

1. I am a Claims Manager for Tindall Riley (Britannia) Ltd., the managers for The Britannia Steamship Insurance Association Ltd., one of the major London P&I (protection & indemnity) and FD&D (freight, demurrage, and defense) clubs, which had the entry for the above plaintiff, SK Shipping Co. Ltd. ("SK Shipping"), for the voyage that is the subject of the arbitration award discussed herein.

2. I give this declaration on personal knowledge and in support of the motion of SK Shipping to enforce the London arbitration award discussed herein.

3. I handled the London arbitration proceeding discussed herein for SK Shipping. The claim that was the subject of the London arbitration concerned a certain voyage of the vessel M/V TAI CHUNG in 2006. The claim was that during the voyage SK Shipping and the above defendant, China National Chartering Corporation (known as "Sinochart"), were parties to a charter party contract (confirmed and evidenced by a fixture recap message incorporating a pro forma charter party) dated January 26, 2006 for the vessel, and that a dispute arose

    under which SK Shipping sought US$26,458.29 plus attorneys fees, arbitration fees, costs, and interest from Sinochart for bunkers and unpaid charter hire pursuant to the charter party. I certify that a true and correct copy of the recap/charter party submitted in the London arbitration is attached hereto as Exh. A.

4. Clause 30 of the charter party provides that it is governed by English law and that disputes are subject to London arbitration. Clause 30 also provides that for claims below US$50,000 (excluding interest and costs), the arbitration is to be governed by the LMAA Small Claims Procedure. The LMAA is the London Maritime Arbitration Association. A copy of the current version of the LMAA's Small Claims Procedure is attached hereto as Exh. B.

5. Rule 5(i) of the LMAA Small Claims Procedure allows for service of notices and communications by letter, telex, telefax, or email.

6. On September 27, 2006 my colleague Dale Hammond sent a notice via fax and email to Sinochart advising that if the claim is not paid, arbitration will be commenced on the claim. A true and correct copy of this notice is attached hereto as Exhibit C. The fax version did not successfully transmit but the email version did transmit. Sinochart never responded to this notice.

7. A follow-up notice was sent by me to Sinochart on October 27, 2006 by fax and email advising that unless Sinochart responds in 14 days, I would write to the LMAA to request that the LMAA appoint a sole arbitrator. A true and correct copy of my October 27, 2006 notice is attached hereto as Exh. D. As with the Exh. C notice, it did not transmit by fax but did transmit by email. Sinochart never responded to this notice.

8. Not having had a response to our September 27, 2006 and October 27, 2006 notices, I wrote to the LMAA on January 15, 2007 requesting that the LMAA appoint a sole arbitrator for this matter. A true and correct copy of my January 15, 2007 letter together with true and correct copies of the enclosures to that letter (except the charter party, which is already attached hereto as Exh. A) are attached hereto as Exh. E.

9. On January 22, 2007, Mr. Bruce Buchan, the sole arbitrator appointed by the LMAA, sent a notice to Sinochart with copy to me advising of his appointment as sole arbitrator and advising Sinochart that it must serve its defense submissions by close of February 15, 2007. A true and correct copy of Mr. Buchan's January 22, 2007 notice to Sinochart is attached hereto as Exh. F. Sinochart never responded to this notice.

10. On February 20, 2007 Mr. Buchan sent a notice to Sinochart with copy to me advising that if Sinochart does not serve its defense submissions by close of March 2, 2007, Sinochart would be in default and that he (Mr. Buchan) would proceed to issue an award on the basis of SK Shipping's submissions. A true and correct copy of Mr. Buchan's February 20, 2007 notice is attached hereto as Exh. G. Sinochart never responded to this notice.

11. No response having been received to the February 20, 2007 notice, Mr. Buchan proceeded to consider SK Shipping's claim and issue a final award in favor of SK Shipping and against Sinochart on March 9, 2007 in the principal amount of US$26,458.29 plus interest, counsel fees, and arbitration fees, as more particularly set forth in the award. Attached hereto as Exh. H is a copy of the arbitration award which I certify to be a true and correct copy.

12. The current value of the award, allowing for interest to date, as specified in the award, is as follows:

|   |   |   |
|---|---|---|
| A. Principal amount | | $26,458.29 |
| B. Interest to date on the principal amount at the rate of 7.5% per annum compounded "at three monthly rests" (i.e., quarterly) from March 20, 2006. | | $2,618.42 |
| C. GBP 330 in counsel fees (award allowed for recovery of up to GBP 2000). | | $654.35 (converted to U.S. dollars) |
| D. LMAA costs of GBP 1600. | | $3,172.62 (converted to U.S. dollars) |
| E. Interest to date on the above GBP 1600 at 7.5% per annum compounded at three monthly rests (i.e., quarterly) from the date of payment by SK Shipping (January 16, 2007). | | $244.72 |
| | **TOTAL:** | **$33,148.40** |

13. A copy of the award was forwarded by Mr. Buchan to Sinochart by post under cover letter of March 12, 2007. A copy of Mr. Buchan's March 12, 2007 covering letter to Sinochart enclosing the award is attached hereto as Exh. I.

14. The attached London arbitration award is final. Rule 4 of the LMAA Small Claims Procedure precludes any appeals.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at London, England on this 27th day of June 2007.

By: _____
Philip Burns