# EXHIBIT B

THE LONDON MARITIME ARBITRATORS ASSOCIATION



# THE L.M.A.A. SMALL CLAIMS PROCEDURE

## and COMMENTARY

(Revised 1st January 2002)

## THE LMAA SMALL CLAIMS PROCEDURE

1. **INTRODUCTION**

    These provisions shall be known as the LMAA Small Claims Procedure 2002 effective 1st January 2002.

2. **APPOINTMENT OF ARBITRATOR**

    (a) If a dispute has arisen and the parties have agreed that it should be referred to arbitration under the Small Claims Procedure, then, unless a sole arbitrator has already been agreed on, either party may start the arbitration by giving notice to the other requiring him to join in appointing a sole arbitrator. If within fourteen days the parties have agreed on a sole arbitrator and the intended arbitrator has accepted the appointment, the Claimant shall within a further fourteen days send to the Respondent (with copies to the arbitrator) a letter of claim accompanied by copies of all relevant documents including experts' reports and shall further send to the arbitrator a remittance in his favour for the small claims fee as defined in para 3(b).

    (b) If the parties have not within fourteen days agreed on a sole arbitrator, either party may apply in writing to the Honorary Secretary, London Maritime Arbitrators Association for the appointment of a sole arbitrator by the President. Such application shall be copied to the other party and shall be accompanied by a copy of the letter of claim together with copies of all said relevant documents and a remittance for the said small claims fee plus £100 plus VAT where applicable in favour of the L.M.A.A. Where appropriate a party applying to the President should provide a concise explanation of the issues which are likely to arise and an indication as to whether any particular expertise on the part of the arbitrator is required. The President, having considered the nature of the dispute shall appoint an appropriate arbitrator and shall give notice to the parties. The L.M.A.A. shall send to the arbitrator the letter of claim and the documents together with the said small claims fee, and shall retain the balance in respect of administrative expenses.

3. **THE ARBITRATOR'S FEE**

    (a) The fixed fee includes the appointment fee, interlocutories, a hearing not exceeding one day (if required by the arbitrator pursuant to para 5 (g)), the writing of the Award and the assessment of costs (if any). It does not include expenses, such as the hire of an arbitration room, which shall in the first instance be paid by the Claimant on demand.

    (b) The Small Claims fee shall be £1,500 (plus VAT where applicable) or such standard fee as shall be fixed from time to time by the Committee of the LMAA. Payment of the Small Claims fee shall be a condition precedent to the valid commencement of proceedings under the Small Claims Procedure.

    (c) In the event of the Respondents putting forward a counterclaim which exceeds the amount of the claim an additional fixed fee in the amount of £750 (plus VAT where applicable) is payable by the Respondents. Such fee is to be paid within fourteen days of service of defence and counterclaim submissions failing which the arbitrator may, at his discretion, stay the counterclaim and proceed with the original claim.

    (d) If the case is settled amicably before an award has been written, the arbitrator may retain out of the Small Claims fee a sum sufficient to compensate him for services thus far rendered and any balance shall be repaid.

4. **RIGHT OF APPEAL EXCLUDED**

    The right of appeal to the Courts is excluded under this procedure. By adopting the Small Claims Procedure the parties shall be deemed to have agreed to waive all rights of appeal.

5. **PROCEDURE**

(a) A letter of defence and details of counterclaim (if any) accompanied in each case by copies of all relevant documents including any experts' reports shall be delivered to the Claimant within twenty-eight days from receipt of the letter of claim or from the date of the appointment of the arbitrator, whichever shall be the later.

(b) A letter of reply and defence to counterclaim (if any) shall be delivered to the Respondent within a further twenty-one days. The arbitrator shall be entitled to refuse to admit evidence submitted at the stage of reply and defence to counterclaim (if any) if it should properly have been served with the letter of claim.

(c) Where there is a counterclaim, the Claimant shall deliver a letter of reply to defence to counterclaim (if he wishes to do so) within a further fourteen days.

(d) Any extension to the above time limits must be applied for before expiry of the existing time limit. If a party fails to serve its pleading within the time limit set, the arbitrator, on the application of the other party or of his own motion, will notify the defaulting party that unless the outstanding communication is received within a fixed period (maximum 14 days) he will proceed to the award on the basis of the submissions and documents before him to the exclusion of all others. Any pleading submitted by the defaulting party subsequent to expiry of the time limit set by the arbitrator's notice shall not be admissible. The time allowed by the arbitrator's notice, added to any extension of time previously allowed in respect of the same pleading shall not in total exceed 28 days.

(e) Following the service of the letter of reply, or, where there is a counterclaim, following service of the letter of reply to defence to counterclaim, the arbitrator may declare to the parties that pleadings have closed. No further pleadings shall be considered by the arbitrator following such a declaration.

(f) Copies of all the above letters and documents shall be sent to the arbitrator and to the other party, or if the other party is acting through a solicitor or representative, to that solicitor or representative.

(g) There shall be no hearing unless, in exceptional circumstances, the arbitrator requires this.

(h) In the case of an oral hearing the arbitrator shall have power to allocate the time available (which shall be limited to one working day) between the parties in such manner that each party has an equal opportunity in which to present his case.

(i) All communications or notifications under this procedure may be by letter, telex, telefax or e-mail.

6. **DISCLOSURE OF DOCUMENTS**

(a) There shall be no Discovery, but, if in the opinion of the arbitrator a party has failed to produce any relevant document(s) he may order the production of such document(s) and may indicate to the party to whom the order is directed that, if without adequate explanation he fails to produce the document(s), the arbitrator may proceed on the assumption that the contents of such document(s) do not favour that party's case.

(b) The expression "relevant documents includes all documents relevant to the dispute, whether or not favourable to the party holding them. It includes witness statements, experts' reports and the like on which he intends to rely, but does not include documents which are not legally disclosable.

7. **THE AWARD**

The arbitrator will make every effort to publish the award within one month, in a documents only case, from the date when the arbitrator has received all relevant documents and submissions, or, where there is an oral hearing, from the close of the hearing.

8.  **COSTS**

    The power of an arbitrator to award costs has been retained as an important feature of London arbitration. Such assessment shall be on a commercial basis having regard to the nature of the reference. Unless the parties otherwise agree, the amount which one party may be ordered to pay to the other in respect of legal costs (including disbursements) shall be assessed at a sum in the arbitrator's discretion up to £2,000, or such other maximum figure as shall be fixed from time to time by the Committee of the L.M.A.A. A party seeking to have its costs assessed must provide a breakdown of such costs. The successful party will normally be awarded the Small Claims fee (including the fee of £100.00 payable to the L.M.A.A. in cases where the President is requested to appoint an arbitrator) in addition to any legal costs which he has incurred, provided always that any award of costs shall be in the sole discretion of the arbitrator.

9.  **GENERAL**

    The arbitrator may in exceptional cases depart from or vary the above provisions at his entire discretion, save that he shall not be entitled to vary the maximum figure which can be awarded under the Small Claims Procedure in respect of legal costs.

                    **COMMENTARY ON THE L.M.A.A. SMALL CLAIMS PROCEDURE**

1.  **INTRODUCTION**

    The Small Claims Procedure has been introduced to provide a simplified, quick and inexpensive procedure for the resolution of small claims. It is supplementary to the Documents Only procedure contained in the Third Schedule to the L.M.A.A. Terms (2002).

    It is suggested that it should be used where neither the claim nor any counterclaim exceeds the sum of $50,000. It is not suitable for use where there are complex issues or where there is likely to be examination of witnesses. On the other hand, the Procedure may be suitable for handling larger claims where there is a single issue at stake.

    There has been a regrettable tendency to apply the Procedure regardless of the complexity of the issues involved in a particular dispute (and occasionally, regardless of the amounts involved). This is likely to lead to dissatisfaction with and criticism of the Procedure since the constraints on the arbitrator and the parties imposed by the limited financial remuneration for their services (which is an essential part of the Procedure) may mean that a particular dispute is not dealt with as the parties envisage. Parties proposing to use the Procedure are therefore encouraged to consider at the outset as to whether it is appropriate to vary the terms of the Procedure (for example, by mutually agreeing to increase the maximum amount of recoverable costs). The position of the arbitrator is dealt with further in the context of discretion at paragraph 9 below.

    Attention is drawn to the following features:

2.  **REFERENCE TO A SOLE ARBITRATOR**

    This will provide a saving both in time and expense. It is expected and hoped that in most cases the parties will be able to agree on the sole arbitrator. Where they cannot agree, application may be made to the L.M.A.A. and the President will then make the appointment. There will be a charge of £100 to cover the administrative expenses. The attention of the parties is drawn to the fact that payment of the fixed fee in full (including the additional element when the appointment is made by the President) is a condition precedent to the commencement of proceedings. In requesting the President to make an appointment under the Procedure, the appointing party should provide as full an explanation as is practicable as to the issues which he expects to arise. He should also draw the attention of the President to the fact that particular expertise on the part of the

arbitrator may be desirable (for example, engineering expertise in the case of a performance dispute). Parties should also be aware that it is the practice of the President not to consider for appointment in a particular case any arbitrator whose name has been put forward by the appointing party. The objective of this practice is to avoid any perception on the part of the other party that the appointing party has secured an advantage by having the President appoint as arbitrator one of the individuals whom he has proposed. A party asking the President to make an appointment should not therefore disclose the names of the arbitrators proposed to the other party at the time of initiating proceedings.

3. **ARBITRATOR TO RECEIVE A FIXED FEE**

So that the parties know where they stand at an early stage it is provided that the arbitrator will receive a fixed fee. The fee for a claim has now been assessed at £1,500. In the case of a counterclaim which exceeds the amount of the claim there is an additional fixed fee of £750. This additional fee is charged because a counterclaim that exceeds the claim will normally involve different issues. No additional charge is made in respect of counterclaims which do not in total exceed the amount of the claim. Members of the LMAA have agreed to deal with disputes under the LMAA Small Claims Procedure as a service to the industry, though it will be appreciated that, having regard to current rates of remuneration, it may in many cases involve some financial sacrifice. Any expenses must be paid in addition.

4. **EXCLUSION OF APPEAL**

Under the Arbitration Act 1996 there is no restriction on the parties to exclude the right of appeal. An agreement to arbitrate under the LMAA Small Claims Procedure will automatically be treated as an agreement to exclude the right of appeal. In view of this, while a Reasoned Award will be given, it will be expected that reasons will be relatively brief.

5. **INFORMAL PROCEDURE**

There will be no formal pleadings and no discovery as such. Each party will be informed of the case against him by a simple exchange of letters accompanied by copies of all relevant documents, including witness statements. A strict but reasonable timetable is imposed, and, if a party fails to comply with a final time limit set by the arbitrator, the arbitrator will proceed to his award on the basis of the documents already received. There is substituted for discovery (a procedure frequently used to gain time) an obligation on the parties to disclose all relevant documents with their letters of claim or defence. Should a party fail in this obligation, the arbitrator is given power to order production of any missing documents and to give warning to that party that, if he fails to produce them without adequate explanation, the arbitrator may proceed on the basis that those documents do not favour that party's case. Claimants should note that any attempt to secure a tactical advantage by withholding production of evidence which should properly accompany the claim submissions until the stage of a reply may be met with a refusal on the part of the arbitrator to admit such further evidence.

6. **LEGAL REPRESENTATION**

The use of lawyers is not excluded, but it is thought that in many cases they will not be necessary. But it should be borne in mind that advice from a lawyer can often indicate to a party the strength or weakness of his case and can assist in reaching an amicable settlement; also, if settlement cannot be reached, the case may be presented by a lawyer in a more orderly and concise manner.

7. **THE AWARD**

The arbitrator will normally make his Award within one month from the date on which he

has received all the papers.

8. **THE COSTS**

    The power of an arbitrator to award costs has been retained as an important feature of London arbitration. It operates to deter spurious claims or defences and may assist in promoting an amicable settlement. The arbitrator is given power to tax or assess legal costs, but on a commercial and strict basis. The amount recoverable will be assessed at a sum in the arbitrator's discretion not to exceed £2,000 or such other sum as may be fixed by the Committee of the LMAA. Although the arbitrator has a discretion to vary or depart from the provisions of the Procedure in exceptional cases (see paragraph 9 below) this discretion does not extend to varying the amount of legal costs recoverable under this Procedure. It is regarded as being of fundamental importance so far as the Procedure is concerned that a party agreeing to arbitrate disputes according to the Procedure can be certain at the outset of his maximum liability in terms of costs.

9. **DISCRETION**

    It is expected that in the great majority of cases the strict timetable and provisions of the Procedure will be observed and enforced, but in exceptional cases there is discretion for the arbitrator to vary or depart from them. The success of the Procedure in promoting cost-effective arbitration in London has led to a regrettable number of cases in which disputes have been referred to arbitration according to the Procedure which are not appropriate for determination in accordance with the spirit, if not the letter, of that Procedure. Such situations can arise simply as the result of the fact that parties to a contract agreed in that contract to apply the Procedure to all disputes involving less than a certain sum of money, regardless of the nature of such disputes. In such cases the parties should be aware that the arbitrator may at the outset or at any time thereafter inform them that in his opinion the dispute referred to him cannot be dealt with satisfactorily according to the Procedure. He will then be entitled to invite the parties either to agree to an appropriate variation of the Procedure or, alternatively, to agree to his continuing to act on the basis of the LMAA Terms in force for the time being. In the event of a refusal by the parties so to agree the arbitrator shall be entitled to resign from the reference whilst retaining out of the Small Claims fee a sum sufficient to remunerate him for services thus far rendered.