BLANK ROME, LLP
Attorneys for Defendant
CHINA NATIONAL CHARTERING CORP.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SK SHIPPING (SINGAPORE) PTE. LTD.,<br><br>     Plaintiff,<br><br>  -against-<br><br>CHINA NATIONAL CHARTERING CORP.,<br><br>     Defendant. | 07 Civ. 03059 (HB)<br><br>**DECLARATION IN OPPOSITION TO MOTION TO CONFIRM ARBITRATION AWARD** |

  I, Xing Naiqun, deposes and says:

  1. I am the Manager of Commercial Department of Defendant China National Chartering Corp., sometimes known as "Sinochart," and submit this Declaration in opposition to the plaintiff's motion to confirm a default arbitration award.

  2. Sinochart has no record of receiving any claim submissions from Plaintiff or from Britannia Steamship Insurance Association Limited, Tindall Riley (Britannia) Limited or anyone else. In particular, Sinochart has no record of receiving an e-mail or telefax dated on or about October 27, 2006 from Philip Burns, which is exhibit D to Mr. Burns' Declaration in support of the motion to confirm the arbitration award, or from

Bruce Buchan dated on or about January 22 or February 20, 2007, which are exhibits F and G to Mr. Burns' Declaration.

3. On March 27, 2007, after the arbitration award was issued, we received an e-mail from a lawyer in China, Jingshu Shao of the Haitong law firm, advising of the award. (Exhibit A hereto.) That e-mail contained a copy of Mr. Buchan's e-mail to Sinochart dated January 22, 2007. However, the e-mail address contained in Mr. Buchan's e-mail is incorrect. The address in his e-mail was ops@sinochart.co.cn. Sinochart's e-mail address is ops@sinochart.com.cn, with an "m" in "com."

4. I should also point out that the telefax number on the messages annexed to Mr. Burns' Declaration is not Sinochart's telefax number. That is the reason the telefaxes did not go through to Sinochart, as mentioned in Mr. Burns' Declaration.

5. The copy of Mr. Buchan's e-mail of January 22, 2007 which is exhibit F to Mr. Burns' declaration has Sinocharts' correct address. I, of course, cannot explain why Ms. Shao sent Sinochart a copy of an e-mail with the wrong address. I can only confirm Sinochart has no record of receiving an e-mail from Mr. Buchan.

6. I can also confirm that Sinochart did not receive a copy of Mr. Burns' letter to the LMAA dated January 15, 2007, or of its enclosures, including the claim statement, all of which are in exhibit E to Mr. Burns' Declaration. I note that exhibit E does not indicate that a copy of it was sent to Sinochart and does not contain any e-mail or telefax cover page. Additionally, Mr. Burns' Declaration does not allege that it was sent to Sinochart. This violates Rule 2(b) of the LMAA Rules, which are exhibit B to Mr. Burns' Declaration.

7. As evidence of Sinochart's supposed nonresponsiveness to Brittania's communications, Mr Burns' letter to the LMAA included a copy of an e-mail notification dated November 26, 2006, which stated that the e-mail was deleted unread. From the email address, I could identify that it is the email address of our Ms. Liu Yan, one of staffs in our Operation Department. However, Ms. Liu Yan was not in charge of the operation of MV TAI CHUNG at material time. Further, I note that this email notification did not show that Mr. Burn sent a copy of his letter dated January 15, 2007 together with its enclosures to Sinochart. Meanwhile, there is nowhere in this email notification indicating the subject of the email which referred to the matter of MV TAI CHUNG.

8. I should also note that arbitrator Buchan's e-mail to Sinochart dated January 22, 2007, which is Burns' exhibit F, may also have violated the LMAA's Rules. Rule 5(a) provides that defence submissions can be delivered 28 days after the later of the receipt of the claimant's claim submission to the LMAA or the date of the appointment of the arbitrator. Mr. Buchan's e-mail, had it been received, would have ordered Sinochart to submit its defence by February 15. Setting aside the fact that Sinochart did not receive Mr. Burns' January 15 letter at all, there is no indication in Plaintiff's motion papers of how and when they claim Sinochart did receive it.

9. I should also mention that during the period from around August 2006 to around March 2007 Sinochart attempted to settle this matter amicably with SK Shipping (Singapore) Pte Ltd. (SK Shipping). SK Shipping did not mention anything about their commencement of arbitration proceedings against Sinochart. I was not aware of any

arbitration proceedings until we received an arbitration award from the Mr. Bruce Buchan and shortly after that Haitong law firm also advised us of the award.

10. Defendant is willing to arbitrate its claim with Plaintiff pursuant to the parties' agreement and the Rules of the LMAA.

Executed at Beijing, China on 16 August, 2007.

_____
Xing Naiqun