BLANK ROME, LLP
Attorneys for Defendant
CHINA NATIONAL CHARTERING CORP.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| SK SHIPPING (SINGAPORE) PTE. LTD., | |
|---|---|
| Plaintiff, | 07 Civ. 03059 (HB) |
| -against- | |
| CHINA NATIONAL CHARTERING CORP., | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO CONFIRM ARBITRATION AWARD**

This memorandum is submitted on behalf of Defendant China National Chartering Corp. (hereafter "Sinochart") in opposition to the motion of Plaintiff SK Shipping (Singapore) Pte. Ltd. (hereafter "SK") to confirm an arbitration award it obtained in London by default.

The parties agree the award is subject to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which is codified in Chapter II of the Federal Arbitration Act ("FAA"), 28 U.S.C. § 201 *et seq.* Section 201 incorporates the text of the Convention. Article V of the Convention provides:

> 1. Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the

arbitration proceedings or was otherwise unable to present his case; or

\* \* \*

(d) The composition of the arbitral authority or <u>the arbitral procedure was not in accordance with the agreement of the parties,</u> or, failing such agreement, was not in accordance with the law of the country where the arbitration took place;[1]

\* \* \*

The FAA provides at 9 U.S.C. § 207:

> \* \* \* The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

As SK points out, the arbitration agreement incorporates the Rules of the London Maritime Arbitrators Association ("LMAA"), and specifically the LMAA's Small Claims Procedure. (Burns Decl., Ex. A, Clause 30). Burns' Ex. B is the LMAA Small Claims Procedure.

The default award should not be enforced because (1) Sinochart did not have adequate notice of the arbitration proceeding, and (2) SK, and possibly the arbitrator, violated the LMAA Small Claims Procedure which was incorporated in and made part and parcel of the charter party arbitration agreement.

The Declaration of the Manager of Sinochart's Commercial Department, Xing Naiqun, shows that Sinochart did not receive an arbitration demand or notice of the appointment of an arbitrator. SK's own motion papers show they used the wrong telefax number and were unable to transmit their arbitration demand or any other documents in that fashion. While the copy of the notice of intention to arbitrate and an e-mail from the arbitrator (Burns Exs. D and F) have the correct e-mail address, other e-mail correspondence does not. For example, Ms. Xing's

---

[1] Emphasis throughout this memorandum is added by us.

Declaration includes a copy of an e-mail from SK's lawyer in China, which attached an e-mail from the arbitrator, Mr. Buchan, to Sinochart, which used an incorrect e-mail address because it omitted the "m" from ".com." (Xing Decl. ¶ 3 and Ex. A)

Months later, SK has come up with copies of e-mails supposedly containing the correct e-mail address, including the arbitrators' erroneously addressed e-mail that was forwarded to Sinochart by SK's Chinese lawyer after the arbitration award was issued. Given Ms. Xing's clear denial that any arbitration demand or notice from the arbitrator was ever received, a genuine question of fact exists whether notice was properly given, and the Court should not confirm the award out-of-hand. SK should be put to its proof.

More importantly, Ms. Xing's Declaration shows that Sinochart never received Mr. Burns' letter to the LMAA commencing arbitration and containing SK's claim submission. Exhibit E to the Burns Declaration is his letter to the LMAA asking the Association to appoint an arbitrator, and submitting a claim statement. That letter does not indicate that a copy was sent to Sinochart, and the Burns Declaration does not say it was sent to Sinochart, or annex any cover telefax page or e-mail. Therefore, SK did not comply with the LMAA Small Claims Procedure or, therefore, with the arbitration agreement of which the LMAA Small Claims Procedure is made a part. Specifically, SK failed to abide by Article 1(b) of the LMAA Small Claims Procedure (Burns Ex. B), which provides:

> If the parties have not within fourteen days agreed on a sole arbitrator, either party may apply in writing to the Honorary Secretary, London Maritime Arbitrators Association for the appointment of a sole arbitrator by the President. <u>Such application shall be copied to the other party and shall be accompanied by a copy of the letter of claim together with copies of all said relevant documents</u> . . .

It also appears the arbitrator, Mr. Buchan, may have failed to abide by Article 5(a) of the LMAA Small Claims Procedure, which gives a defendant 28 days to respond to the claimant's submissions, measured "from receipt of the letter of claim or from the date of appointment of the arbitrator, whichever shall be the later." (Burns Ex. B)

Mr. Burns' letter to the LMAA asking for the appointment of an arbitrator and submitting SK's claim is dated January 15, 2007. Mr. Buchan wrote to Sinochart on January 22, 2007, directing Sinochart to provide its defense by February 15, 2007. He measured that deadline from January 18, which we can only infer is the date he was appointed, giving the bare minimum required, without finding out if and how Mr. Burns sent the letter to Sinochart. (Burns Ex. F).

In order for the deadline of February 15 to be in compliance with LMAA Article 5(a), Mr. Burns' January 15 letter to the LMAA must have been received by Sinochart, <u>and</u> Mr. Buchan must have been appointed, no later than January 18. Setting aside the fact that Sinochart denies having received either the January 15 or January 22 communications, the narrow margin of Mr. Buchan's deadline warrants that SK be required to prove when and how Mr. Burns sent his letter to Sinochart, if at all. For example, if he sent a copy of his letter and submissions to Sinochart by ordinary mail on or after January 16, then any presumptive delivery to Sinochart would have been on January 19 at the earliest, using a generous assumption that it takes only three days to deliver mail from England to China. Such a presumption exists with respect to U. S. <u>domestic</u> mail. <u>Sherlock v. Montefiore Medical Center</u>, 84 F. 3d 522, 525 (2d Cir. 1996). There is no basis to presume that mail between England and China is equally reliable.

Although Mr. Buchan wrote to Sinochart on February 20 and *sua sponte* extended its time to submit a defense until March 2nd, that was done after the improper deadline had passed

618080.00607/6569154v.1

and was too little and too late to undo the violation of the agreed procedure, if in fact Mr. Burns posted his submissions to Sinochart on or after January 16.

## CONCLUSION

### PLAINTIFF'S MOTION SHOULD BE DENIED

Dated: August 17, 2007

                BLANK ROME LLP

          By: _____
                Jack A. Greenbaum (JG-0039)
                Attorneys for Defendant
                China National Chartering Corp.
                405 Lexington Avenue
                New York, New York 10174-0208
                (212) 885-5000