8937/RHD
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006-2802
(212)344-7042
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| SK Shipping (Singapore) PTE Ltd. | 07 Civ. 03059 (HB) |
| --- | --- |
| Plaintiff, | |
| - against - | **REPLY MEMORANDUM OF LAW** |
| China National Chartering Corporation | |
| Defendant | |

    Plaintiff (hereinafter, "SK Shipping") by its attorneys, Cichanowicz, Callan, Keane, Vengrow & Textor LLP, submits this reply memorandum of law in support of SK Shipping's motion to confirm the final London arbitration award rendered on March 9, 2007 in favor of SK Shipping and against the defendant (hereinafter, "Sinochart"), directing that judgment thereon be entered in favor of SK Shipping and against Sinochart, and that such judgment be satisfied from Sinochart's funds that are now under restraint with HSBC bank. Accompanying this reply memorandum are three declarations: Second Declaration of Philip Burns, Declaration of Bruce Buchan, and Declaration of Steven Tan.

    As will be explained herein, Sinochart had every opportunity to participate in the arbitration but elected not to do so.

## INTRODUCTION

    The standards governing a motion to confirm a foreign arbitral award under the New York Convention, 9 U.S.C. § 201-208, are well-established by the Second Circuit:

> When a party applies to confirm an arbitral award under the New York Convention, the court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention.
>
> \* \* \*
>
> The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies. The burden is a heavy one, as the showing required to avoid summary confirmance is high. Given the strong public policy in favor of international arbitration, review of arbitral awards under the New York Convention is very limited in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.

Encyclopaedia Universals v. Encyclopaedia Britannica, 403 F.3d 85, 90 (2d Cir. 2005). (internal citations and quotation marks omitted).

In its opposition to enforcement of the arbitral award, Sinochart has raised three arguments, each of which is addressed separately below. Sinochart has failed to carry its heavy burden of proving that the award should not be enforced.

### RESPONSE TO SINOCHART'S ARGUMENT THAT IT DID NOT RECEIVE PROPER NOTICE OF THE LONDON ARBITRATION PROCEEDING

Sinochart argues that under Article V(1)(b) of the New York Convention, it did not receive proper notice of the London arbitration proceeding. The Second Circuit has said that the standard in evaluating such a defense is whether the party opposing enforcement of the award was deprived of due process:

> We have recognized that the defense provided for in Article V(1)(b) essentially sanctions the application of the forum state's standards of due process, and that due process rights are entitled to full force under the Convention as defenses to enforcement. Under our law, the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.

Iran Aircraft Ind. v. Avco Corp., 980 F.2d 141, 145-146 (2d Cir. 1992) (internal citations and quotations marks omitted).

Sinochart has not come close to carrying its heavy burden of showing that it was deprived of an opportunity to be heard in a meaningful time and manner. Sinochart's approach is to simply deny ever receiving any notices of the arbitration. In particular, Sinochart makes a blanket denial of receiving any of the four notices attached to the first declaration of Philip Burns, such notices being:

(1) September 27, 2006 email from SK Shipping's London representative, The Britannia Steam Ship Insurance Association Ltd. ("Britannia"), advising Sinochart that if the claim is not paid, arbitration will be commenced. (Exh. C to first declaration of Philip Burns).

(2) October 27, 2006 email from Britannia advising Sinochart that unless it responds in 14 days, a letter will be sent to the London Maritime Arbitrators Association (LMAA) requesting that the LMAA appoint a sole arbitrator to hear the claim. (Exh. D to first declaration of Philip Burns).

(3) January 22, 2007 email to Sinochart from the sole arbitrator (Mr. Bruce Buchan) appointed by the LMAA advising of his appointment and that Sinochart's defense submissions must be served by February 15, 2007. (Exh. F to first declaration of Philip Burns).[1]

---

[1] Sinochart's opposition papers try to make something out of the fact that the arbitrator's January 22, 2007 email was originally sent to ops@sinochart.co.cn, rather than to the correct address, ops@sinochart.com.cn. The argument is frivolous because the arbitrator (Mr. Buchan) re-sent the email that very day to ops@sinochart.com.cn (see Buchan declaration). That email, which is attached as Exh. F to the first declaration of Philip Burns, contains Mr. Buchan's notation "corrected address".

3

(4) February 20, 2007 email from the arbitrator, Mr. Buchan, to Sinochart extending the deadline for service of defense submissions to March 2, 2007, and advising that if no defense is served, he will proceed to issue an award on the basis of the evidence contained in SK Shipping's submissions.

Each of these four notices was sent by email to ops@sinochart.com.cn, which Sinochart acknowledges is the correct email address. (Declaration of Sinochart's Xing Naquin, para. 3).[2]

The blanket denial of receipt of these four emails cannot prevent or delay enforcement of the arbitration award. The law is well-established that "A properly addressed piece of mail placed in the care of the Postal Service is presumed to have been delivered". Hoffenberg v. C.I.R., 905 F.2d 665, 666 (2d Cir. 1990). Actual receipt of mail need not be proven. Kurz v. Chase Manhattan, 319 F. Supp. 2d 457, 463 (S.D.N.Y. 2004). The same presumption of receipt has been applied to emails: "We see no principled reason why a jury would not be able to make the same inference regarding other forms of communication – such as facsimiles, electronic mail, and in-house computer message systems…" Kennell v. Gates, 215 F.3d 825, 829 (8th Cir. 2000).

In addition to the sworn declarations stating that the above four notices were sent by email to Sinochart - - thus creating the presumption that they were received by Sinochart - - SK Shipping now submits evidence that the four email notices were, in fact, received by Sinochart. The accompanying Second Declaration of Philip Burns and the accompanying declaration of the arbitrator, Mr. Buchan, both state that had their above emails not successfully transmitted to

---

[2] Sinochart's point that these notices were also sent by fax but to an incorrect fax number is a classic "red herring". LMAA Small Claims Procedure Rule 5(i) states that "All communications or notifications under this procedure may be by letter, telex, telefax, or email". (Exh. B to first declaration of Philip Burns) (emphasis added). Thus, the fact they did not successfully transmit by fax (a fact acknowledged by Mr. Burns in his first declaration) is irrelevant because the notices were also sent by email to the correct email address.

4

Sinochart, they would have received a non-delivery notification from their email systems, but that no such non-delivery notifications were received.

Sinochart's position that it was not aware of the arbitration proceeding is not credible. Sinochart does not dispute that it received the arbitration award by way of Mr. Buchan's March 12, 2007 letter (Exh. I to first declaration of Philip Burns). Yet after getting the award, Sinochart did nothing to indicate that it was surprised to see such an award. Sinochart did not write to Mr. Buchan or to Britannia or to SK Shipping to protest that it never got notice of the arbitration proceeding. Rather, Sinochart's efforts to attack the award began only after SK Shipping commenced this action to obtain security and to enforce the award.

Another "red herring" argument by Sinochart is that there is an email notification dated November 26, 2006 (actually, November 20, 2006) stating that an email sent by Philip Burns was deleted but not read by a Ms. Liu Yan at Sinochart, whom, Sinochart says, was not the person at Sinochart who was handling this matter (Naquin declaration, para. 7). This is irrelevant because it does not change the fact that the four above email notices were sent to ops@sinochart.com.cn, which Sinochart acknowledges is the correct email address.[3]

**RESPONSE TO SINOCHART'S ARGUMENT CONCERNING THE FACT IT WAS NOT COPIED WITH BRITANNIA's JANUARY 15, 2007 LETTER TO THE LMAA**

The fact that the January 15, 2007 letter from Mr. Burns of Britannia to the LMAA - - which letter (i) requested that the LMAA appoint a sole arbitrator and (ii) enclosed claim documents - - was inadvertently not copied to Sinochart is not disputed by SK Shipping and

---

[3] Mr. Burns' second declaration states that he sent no emails to Ms. Yan, and that the explanation for the fact that one of his emails came to her is that Britannia's emails of September 27, 2006 and October 27, 2006 to ops@sinochart.com.cn must have been circulated by Sinochart's email system to various people within Sinochart including Ms. Yan.

5

nothing to the contrary was said in Mr. Burns' first declaration.[4] This is not, however, a ground to deny enforcement of the award because Sinochart's non-receipt of that letter did not hinder Sinochart's ability to present a defense in the arbitration.

The claim documents sent with the January 15, 2007 letter consisted of a Claim Submission of Mr. James Whatthey (a barrister appointed by Britannia) that described the factual contentions of the claim and attached as evidence the charter party contract, SK Shipping's claim calculation (final hire statement), and pages from the vessel's deck log. Sinochart was not prejudiced by not receiving the January 15, 2007 letter because, as explained below, Sinochart had SK Shipping's claims documents and factual contentions many months in advance of January 15, 2007.

(a) <u>The charter party contract</u>

Sinochart was a party to the charter party contract; therefore Sinochart had a copy of it.

(b) <u>Final hire statement</u>

A copy of this statement was provided to Sinochart's claim representative on August 8, 2006 (Exh. A to declaration of Steven Tan). In addition, a copy of this statement was provided to Sinochart with Britannia's September 27, 2006 email (Exh. C to first declaration of Philip Burns).

(c) <u>Deck log</u>

Beginning in April 2006, the parties, though their claims representatives, corresponded about the claim and exchanged numerous emails (Declaration of Steven Tan). In some of these email exchanges the parties discussed certain entries in the deck log in support of their position. For example, the email dated August 2, 2006 from Sinochart's claim representative states

---

[4] That the failure to copy Sinochart with the January 15, 2007 letter was just a simple oversight on Britannia's part is established in para. 6 of the second declaration of Philip Burns.

6

"AFTER CHECKING THE LOG BOOK FM [FROM] AM [ABOVE MENTIONED] VSL [VESSEL]...." (Exh. B to Tan declaration). Thus, Sinochart had a copy of the deck log six months before January 15, 2007.

(d) Claim Submission prepared by Mr. Whatthey

In this document, Mr. Whatthey, sets forth the factual contentions of SK Shipping's claim. However, the substance of these factual contentions was previously communicated to Sinochart's claims representative by way emails sent to them in June-August 2006, especially the email dated August 8, 2006. (Exh. A to Tan declaration). A factual summary was also contained in Britannia's September 27, 2006 email notice to Sinochart. (Exh. C to first declaration of Philip Burns).

Thus, when Sinochart received the January 22, 2007 notice from the sole arbitrator, Mr. Buchan, advising that Sinochart's defense submissions must be served by February 15, 2007, Sinochart already had SK Shipping's claim materials and factual contentions in hand, and so was in a position to prepare a defense, if any, to the claim. Instead of preparing a defense or asking the arbitrator for more time to do so, Sinochart opted to do nothing.

**RESPONSE TO SINOCHART'S ARGUMENT THAT THE ARBITRATOR FAILED TO FOLLOW LMAA SMALL CLAIMS PROCEDURE RULE 5(a)**

Sinochart, pointing to Article V1(d) of the New York Convention, argues that the arbitrator did not follow LMAA Small Claims Procedure Rule 5(a), which requires that the defending party serve its defense submissions within the date 28 days from receipt of the letter of claim or from the date of appointment of the arbitrator (whichever is later). Sinochart points to the arbitrator's January 22, 2007 email (Exh. F to first declaration of Philip Burns) giving Sinochart a deadline of February 15, 2007 to make the submission. From this, Sinochart argues that the rule was violated because February 15, 2007 is only 24 days after January 22, 2007.

The argument that the deadline set in the arbitrator's January 22, 2007 notice did not comply with LMAA Rule 5(a) borders on the frivolous, given that the arbitrator sent a further email to Sinochart on February 20, 2007 (Exh. G to first declaration of Philip Burns) extending, sua sponte, the deadline for Sinochart to serve its defense submission to March 2, 2007. <u>Therefore, Sinochart had 39 days from Mr. Buchan's January 22, 2007 email notice to prepare its defense submissions</u>.

Mr. Buchan's February 20, 2007 email extending the deadline to March 2, 2007 was five days <u>after</u> the initial (February 15, 2007) deadline had passed. Thus, the running of the allegedly inadequate February 15, 2007 deadline did not have any negative consequence for Sinochart, and Sinochart's argument that the extension of the deadline was "too little, too late" (pages 4-5 of Sinochart's memo of law) is indeed puzzling.[5] The basic fact is that Sinochart ignored the arbitrator's notices and opted not to prepare defense submissions.

---

[5] Even if, arguendo, the extension to March 2, 2007 had not been given (which, of course, it was), the arbitrator's January 22, 2007 email did not necessarily violate Rule 5(a). That email states that the 28 day period runs from January 18, 2007, which was the day Mr. Buchan was appointed by the LMAA (Buchan declaration, para. 2). February 15, 2007 is 28 days from January 18, 2007. In any event, the issue is purely academic because Sinochart cannot argue that if the deadline was February 19, 2007 (i.e., 28 days from January 22, 2007) rather than February 15, 2007 (i.e., 24 days from January 22, 2007), it would have made a difference. The truth is that Sinochart opted not to prepare defense submissions, and so another four days or more would not have mattered.

8

## CONCLUSION

SK Shipping's motion should be granted in all respects.

Dated: New York, New York
       September 7, 2007

>                                    Respectfully submitted,
>                                    CICHANOWICZ, CALLAN, KEANE,
>                                    VENGROW & TEXTOR, LLP
>                                    Attorneys for Plaintiff
>
>                                    By: __s/Randolph H. Donatelli__
>                                        Randolph H. Donatelli (RD-5359)
>                                    61 Broadway, Suite 3000
>                                    New York, New York 10006-2802
>                                    (212)344-7042

To:   Blank Rome LLP
      Attorneys for Defendant
      The Chrysler Building
      405 Lexington Avenue
      New York, NY 10174-0208
      Attn.: Jack A. Greenbaum, Esq.